**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DIETRICK LEWIS JOHNSON, SR,** | § | |
| **#311820** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:13-CV-4537-D-BK** |
| | § | |
| | § | |
| **DALLAS POLICE DEPARTMENT, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On November 13, 2013, Plaintiff, a county inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the Dallas Police Department and the Dallas Police Impound Unit. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

The amended complaint and answers to the Magistrate Judge's Questionnaire assert that in March 2012, the Dallas Police Department "left property unsecured after [Plaintiff's apartment] door was kicked in by [the] U.S. Marshal's" and Plaintiff was taken into custody, causing his apartment to be ransacked and all his valuable property stolen. (Doc. 9 at 3-4; Doc. 11 at 3-4). Plaintiff also alleges that the Dallas Police Department searched his locked truck without consent or a warrant, and that the Dallas Police Impound Unit subsequently released his

truck to someone he does not know.  *Id.*  Plaintiff requests compensatory damages for the loss of his truck and valuable personal property.  (Doc. 11 at 2).[1]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).  Even under this most liberal construction, however, Plaintiff's claims are frivolous.

To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

In answer to the questionnaire, Plaintiff contends the Dallas Police Department was negligent in failing to secure his apartment or notifying the management company before leaving the premises.  (Doc. 11 at 3 (ans. 3)).  He alleges the Dallas Police Department knew his personal "property was unsecure[d] with the front door kicked in" and, thus, should be held "responsible for all [his] personal belongings that was [*sic*] stolen from [his] house after [he] was taken into

---

[1] In August and November 2013, Plaintiff was sentenced on both state and federal charges. (Doc. 11 at 1-2).

custody." *Id.* at 3-4.  However, because negligent conduct in and of itself does not rise to a constitutional violation, Plaintiff's claims are not actionable under section 1983.  *See Daniels v. Williams,* 474 U.S. 327, 328 (1986).

Insofar as Plaintiff seeks to allege a Fourth Amendment or other constitutional violation (Doc. 11 at 3-4, ans. 3-4), he may not bring a civil rights action against a servient political agency or department, such as the Dallas Police Department, unless such agency or department enjoys a separate and distinct legal existence.  *See Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").  Plaintiff seeks relief from entities that are not subject to suit under section 1983.  Accordingly, Plaintiff's claims against the Dallas Police Department are frivolous and subject to dismissal.[2]

---

[2] *Pro se* plaintiffs who name a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action.  *See Parker v. Fort Worth Police Dep't,* 980 F.2d 1023, 1026 (5th Cir. 1993).  In this instance, the Court gave Plaintiff such an opportunity in the questionnaire.  In his response to the questionnaire, Plaintiff specifically indicated that he wanted to pursue this action against the Dallas Police Department.  (See Doc. 11 at 4, ans. 4.)

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED**

with prejudice as frivolous.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  This dismissal will

count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

SIGNED December 26, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no
event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding
under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or
detained in any facility, brought an action or appeal in a court of the United States that was
dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief
may be granted, unless the prisoner is under imminent danger of serious physical injury."